# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

WAYNE JEFFERY VILLINES,

           Plaintiff,

vs.

UNITED STATES OF AMERICA,

           Defendant.

Case No. 2:20-cv-00091-KJD-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

Before the Court are pro se plaintiff Wayne Jeffery Villines's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). Villines's in forma pauperis application is granted and his complaint is dismissed without prejudice.

## DISCUSSION

Villines's filings present two questions: (1) whether Villines may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Villines's complaint states a plausible claim for relief.

**I.    Whether Villines May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff declares that in the past 12 months he has received no wages, and that he receives a Fidelity Annuity payment in the amount of $9.87 per month. (*Id.* at 1). Plaintiff states that he has $14.45 in the bank and that he owes $30,000 in student loans. (*Id.* at 2). Plaintiff's application to proceed in forma pauperis is granted.

**II.     Villines's Complaint Fails to States a Plausible Claim**

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs [ ]" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "A document filed pro se is, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff brings claims against the United States, alleging that the Internal Revenue Service has

sent him multiple letters alleging that he owes taxes from the year 2011, and it has ignored his request for a review before an impartial judge and jury. (ECF No. 1-1 at 3). Wayne alleges that the USA has violated his constitutional rights. (*Id.*) This case must be dismissed for lack of jurisdiction. The United States is a sovereign entity and is not subject to suit without its consent. *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). The United States has specifically preserved its sovereign immunity with regard to claims arising out of tax assessment and collection. *Tolotti v. Jameson*, No. CV-N-95-516-ECR, 1996 U.S. Dist. LEXIS 2595, at 4-5, 77 A.F.T.R.2d (RIA) 1996-1357 (D. Nev. Feb. 26, 1996), citing to *Blair v. United States Treasury Dep't,* 596 F. Supp. 273, 278 (N.D. Ind. 1984). Plaintiff alleges that the USA has violated his rights, but his claims seek to prevent the assessment and collection of taxes. The Anti-Injunction Act prohibits suits brought for the purpose of restraining the assessment or collection of any tax. See 26 U.S.C. § 7421(a). Although it is likely futile, the Court will allow the plaintiff to file an amended complaint that explains how this Court has jurisdiction over this case.

ACCORDINGLY,

IT IS ORDERED that plaintiff Villines's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Villines's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Villines has until Monday, March 9, 2020, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 6th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE