# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| WAYNE JEFFERY VILLINES,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE,<br><br>Defendants. | 2:20-cv-00091-KJD-VCF<br><br>**Report and Recommendation for Dismissal**<br><br>AMENDED COMPLAINT [ECF NO. 5] |

Before the Court is *pro se* plaintiff Wayne Jeffery Villines's amended complaint (ECF No. 5). Plaintiff Villines brings claims against the defendant the United States, alleging that the Internal Revenue Service's assessment that he owes taxes is a violation of his Constitutional rights. (ECF No. 5). The Court recommends that this case be dismissed.

**I.     Background**

Plaintiff filed an application to proceed in forma pauperis and complaint. (ECF Nos. 1 and 1-1). Plaintiff brought claims against the USA alleging that the Internal Revenue Service sent him multiple letters alleging that he owes taxes from the year 2011, and it has ignored his request for a review before an impartial judge and jury. (ECF No. 1-1 at 3). The Court granted plaintiff's informa pauperis application and dismissed his complaint without prejudice with leave to amend, finding that this Court lacked jurisdiction over plaintiff's claims because, "[t]he United States has specifically preserved its

1

sovereign immunity with regard to claims arising out of tax assessment and collection." (ECF No. 3 at 2). Plaintiff filed the instant amended complaint. (ECF No. 5).

**II.     Discussion**

Under 28 U.S.C. § 1915(e), upon granting a request to proceed in forma pauperis, a court must screen a complaint. The Court is given the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). All material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

The United States is a sovereign entity and is not subject to suit without its consent. *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). The United States has specifically preserved its sovereign immunity with regard to claims arising out of tax assessment and collection. *Tolotti v. Jameson*, No. CV-N-95-516-ECR, 1996 U.S. Dist. LEXIS 2595, at 4-5, 77 A.F.T.R.2d (RIA) 1996-1357 (D. Nev. Feb. 26, 1996), citing to *Blair v. United States Treasury Dep't,* 596 F. Supp. 273, 278 (N.D. Ind. 1984). The Anti-Injunction Act prohibits suits brought for the purpose of restraining the assessment or collection of any tax. See 26 U.S.C. § 7421(a).

Plaintiff alleges in his amended complaint that the USA has violated his rights and he seeks a jury trial regarding the IRS's assessment of taxes against him. (ECF No. 5 at 5). Plaintiff alleges that this Court has jurisdiction to hear his claims pursuant to the Petition Clause of the First Amendment because it protects his rights to petition the government for a redress of grievances. (*Id.* at 6). Plaintiff argues that his act of filing this lawsuit is protected because it is itself a petition to the government for a redress of

grievances. (*Id.*). Plaintiff is correct that his access to the Courts and act of filing this lawsuit is protected by the Petition Clause of the First Amendment, but the First Amendment does not create a right to maintain a frivolous lawsuit in this Court. See e.g. *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 733, 103 S. Ct. 2161, 2165 (1983) ("[S]ince sham litigation by definition does not involve a bona fide grievance, it does not come within the First Amendment right to petition."); see also *Minn. Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment…suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individual communications on public issues."); *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 864 (6th Cir. 2012) ("[I]n all of the cases addressing meaningful access, the focus is on the access to the court, not the court's response or behavior upon receiving the petition."); see also Carol Rice Andrews, *A Right of Access to Court under the Petition Clause of the First Amendment: Defining the Right*, 60 Ohio State L.J. 557 n. 8, 562 (1999) (The right to petition the courts "is very narrow: it protects a person's right only to file winning claims within the court's jurisdiction.").

Plaintiff's case against the USA regarding its attempts to collect taxes from him must be dismissed for lack of subject matter jurisdiction because plaintiff has not demonstrated that United States has waived its preservation of sovereign immunity with regard to claims arising out of tax assessment and collection. Plaintiff is asking this Court to hold a jury trial regarding the USA's assessment and collection of federal taxes against him, something he cannot do by way of this petition for judicial review. The Court lacks subject matter jurisdiction over this action and dismissal is required. See FRCP 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff's amended complaint should be dismissed.

//

ACCORDINGLY,

IT IS RECOMMENDED that plaintiff Wayne Jeffery Villiness's action be DISMISSED and Judgment entered accordingly.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO RECOMMENDED.

DATED this 8th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE